Filed 10/22/20  P. v. Kelly CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D076895 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE384501) |
| SHAWN PAUL KELLY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed.

Kelly E. DuFord, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In October 2018, Shawn Kelly pleaded guilty to violation of Vehicle Code section 10851, subdivision (a).  He was granted probation on various terms and conditions.

In June 2019, criminal proceedings were suspended, and a hearing was held to determine Kelly's competency under Penal Code section 1368.[1] Kelly was found to be competent and criminal proceeding were reinstated.

In September 2019, an evidentiary hearing was held on allegations of probation violation, specifically, that Kelly violated section 647, subdivision (f), a misdemeanor. Kelly's probation was revoked, and he was sentenced to two years in custody and the minimum mandatory fines and fees were imposed.

Kelly filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel kas not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Kelly the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

The facts of the evidentiary hearing are accurately summarized in the appellant's brief. We will adopt that summary for convenience.

A. Facts relating to the Underlying Offense

Kelly pled guilty to unlawfully and temporarily driving and depriving another of their vehicle without their consent.

B. Probation Revocation hearing

Deputy Sheriff John Ferris, arrived on the scene of the December 19, 2018 incident. When he arrived, Kelly was "intoxicated and hostile." Deputy Ferris indicated there was a half empty bottle of vodka near Kelly, along with noticeable slurred speech. Kelly was "unable to stand up on his own, walk on

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

his own, [or] make good decisions." Deputy Ferris also indicated that Kelly was unable to care for himself out in public since he was found passed out in the street. Kelly kicked the other deputy on the scene and tried to flee the vehicle, resulting in Deputy Ferris using force to submiss Kelly.

Deputy Sheriff Osmark Gonzalez also testified at the hearing. Deputy Gonzalez indicated he was there for the May 7, 2019 incident. When he arrived, Kelly was on the ground, shirtless, and bleeding from his right hand. Deputy Gonzalez described Kelly as emitting the odor of alcohol and testified Kelly acted out by trying to kick one of the paramedics on scene.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether Kelly was prejudiced by violation of his due process rights due to insufficient notice of the grounds of his probation violation; and

2. Whether Kelly's due process rights were violated by the mandatory imposition of fines without an ability to pay hearing.

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Kelly on this appeal.

3

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.